Pure Oil Co. v. Kindall et ...................... 19855
State ex Phillips et v. Indust. Com............. 20164

### TUESDAY, MARCH 22, 1927

19853—D. W. Lowe et al v. Eva F. Kindall. Monroe. Judgment affirmed. Dock. 6-29-26, 4 Abs. 358; OS. Pend. 4 Abs. 490.

19855—Pure Oil·Co. v. Eva F. Kindall et al. Monroe. Judgment affirmed. Dock. 6-29-26, 4 Abs. 358; OS. Pend. 4 Abs. 489.

20084—James L. Lyon v. State of Ohio. Huron. Judgment affirmed. Dock. 9-3-26, 4 Abs. 623; OA. 4 Abs. 546; OS. Pend. 4 Abs. 772.

20164—State ex rel Joe Phillips et v. Industrial Commission. Writ denied. Dock. 11-10-26, 4 Abs. 774.

### MOTION DOCKET

#### EXPLANATION

Cases taken to the Supreme Court, on motion to the Court of Appeals to certify its record, are placed upon its Motion Docket, and each week a list of those wherein the motion is decided, is given out by the court, as shown below. No opinion or syllabus is announced for these.

The Abstract publishes this docket each week, and annotates the paragraphs, so that lawyers get a history of each case, and the points involved in it, by referring to the case in the Court of Appeals if reported in the Abstract, or to the Pending Case, where it has been previously written up. When otherwise, it is soon provided and published.

No other paper publishes the cross references.

The cases are also entered in the Concordance, when they affect other cases.

#### INDEX OF CASES

Celina (Vil.) v. Pub. Util. Com.................. 20275
Eierman et v. Eierman ........................ 20342
Luff v. State ................................... 20315
Ohio Top Co. v. Habib ......................... 20335
Royal Ind. Co. v. Goodman ..................... 20340
Steeley v. H. I. Lutz .......................... 20336
Steeley v. E. M. Lutz .......................... 20338
Steeley v. Chamberlain ........................ 20337
Vitaro v. Vitaro .............................. 20344
Wolf v. Hoofer ............................... 20343

20275—Village of Celina v. the public Utilities commission of Ohio. Motion by the West Ohio Gas Co. to be made party defendant. Allowed. Dock. 1-17-27, 5 Abs. 43.

20315—Morris F. Luff v. State of Ohio Motion for leave to file petition in error to the court of appeals of Cuyahoga county. Overruled. Dock. 2-9-27, 5 Abs. 105: OS. Pend. 5 Abs. 173.

20335—Ohio Top Co. v. Vito Habib. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-21-27, 5 Abs. 121.

20336—George Steeley v. Hale I. Lutz. Motion for Pickaway Appeals to certify. Overruled. Dock. 2-21-27, 5 Abs. 121.

20337—George Steeley v. Ollie Chamberlain. Motion for Pickaway Appeals to certify. Overruled. Dock. 2-21-27, 5 Abs. 121.

20338—George Steeley v. E. May Lutz ex tr. Motion for Pickaway Appeals to certify. Overruled. Dock. 2-21-27, 5 Abs. 121.

20340—Royal Indemnity Co. v. Sam Goodman. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-23-27, 5 Abs. 138; OA. 5 Abs. 115.

20342—John A. Eierman et v. Adam J. Eierman. Motion for Lucas Appeals to certify. Overruled. Dock. 2-23-27, 5 Abs. 138.

20343—Anna M. Wolf v. Bert C. Hoofer. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-24-27, 5 Abs. 138.

20344—Lorenzo Vitaro v. Mary Vitaro. Motion for Wayne Appeals to certify. Overruled. Dock. 2-24-27, 5 Abs. 138; OA. 5 Abs. 133.

# SYLLABI
## Cases Decided by Supreme Court

### No. 238

No. 20084—James D. Lyon v. State of Ohio. Error to the Court of Appeals of Huron County.

683. JURY—1. In a criminal case trial court may order that peremptory challenges be deferred until those for cause have been exhausted and jury is in the box.

2. When number of peremptories is greater on one side, judge may require side having it, to challenge two more at a time before the other side is required to further challenge.

3. Not error for court to require that an omission to challenge peremptorily or its waiver, shall have same effect as the exercise of the right.

480. EVIDENCE—In trial of a criminal case, evidence of other criminal conduct of accused admissible to show his motive in his action with respect to the crime, but court should definitely instruct jury as to limit of the purpose of·the testimony.

225. CHARGE TO JURY—When in a first degree murder trial evidence shows intentional shooting by the accused of a police officer, endeavoring to lawfully arrest him, and that the shooting was done in an unlawful resistance in order to escape and the death of the officer, a charge on assault and battery not called for.

KINKADE, J.

1. In the absence of statutory regulations governing the subject, it is not error for the trial court to order that the exercise of all peremptory challenges of jurors shall be deferred until after all challenges for cause have been exhausted, and a full jury is in the box with respect to each of whom challenges for cause have been completed; nor is it error for the trial judge to order which side·shall first challenge peremptorily; and where the number of peremptory challenges is greater on one side than on.the other, the trial judge may order the side having the greater number of challenges to challenge two or more at a time before the other side is required to make any challenge, to the end that the peremptory challenges on both sides may be completed as nearly as practicable at the same time; nor is it error for the court to require that an omission to challenge peremptorily or a waiver of such challenge shall have the same effect as the exercise of the right.

2. In the trial of a criminal case, evidence of other criminal conduct of the accused may be admitted in evidence for the purpose of showing the motive of the accused attending his action with respect to the crime for which he is being tried. The trial court by instructions to the jury should definitely limit the purpose for which such evidence is received.

3. When the charge in the indictment is one of first degree murder and the evidence shows the intentional shooting, by the accused, of a police officer who was at the time endeavoring to make a lawful arrest of the accused, and that the shooting was done by the accused in

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday　　　50 Weeks of the Year

**SUBSCRIPTION PRICES AND TERMS**

One year (50 issues) Payable in Advance........$15.00

Single Numbers ................................ .35

**THE LAW ABSTRACT COMPANY**

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

an unlawful resistance of such arrest and to effect his escape from the officer, and the death of the officer was caused by the shooting, the case is not one calling for a charge to the jury on the subject of assault and battery, and the refusing of a request for such charge is not error.

Judgment affirmed.

Marshall, CJ., Day and Allen, JJ., concur.